IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC THORNTON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) No. 3:20-cv-00159 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DUTCH NATURALS PROCESSING, | ) |
| LLC, and SHAWN RIDLEY, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

DISCUSSION

Pending before the Court is Defendants' (a) motion to stay enforcement of the judgment to be entered (Doc. No. 172), and (b) motion (Doc. No. 178), accompanied by a supporting memorandum (Doc. No. 178-1), to alter, vacate, or amend the Court's memorandum opinion[1] (Doc. No. 169) and order (Doc. No. 170) granting summary judgment as to liability in Plaintiff's favor. Plaintiff filed a response, which addressed both motions. (Doc. No. 179). For the reasons stated herein, Defendants' motions at Doc. No. 172 and Doc. No. 178 will be denied.

1. **Motion to Stay**

Defendants request that the Court stay "enforcement of the Judgment to be entered" in this case. (Doc. No. 172 at 1). To understand this request, a little procedural background is helpful. As discussed further below, although the Court granted summary judgment as to liability in favor of Plaintiff on Plaintiff's breach of contract claim and veil piercing claim, the Court did not reach the issue of damages as to these claims. The parties had not briefed the topic of the amount of damages

---

[1] Hereinafter, the Court refers to Defendants' motion at Doc. No. 178 as a "motion to alter, vacate, or amend."

owed of prejudgment and post-judgment interest, and therefore the Court ordered the parties to meet and confer and submit a proposed judgment setting forth the amount of damages owed and prejudgment and post-judgment interest due. (Doc. No. 170). The parties have filed their proposed judgments setting forth the amount of damages owed.[2] (Doc. Nos. 171, 175-1). The Court has not entered either of the parties' respective proposed judgements. Final judgment has therefore yet to be entered. Thus, the Court construes Defendants' request for a stay of "enforcement" of the judgment that will be entered as a request to stay the *entry* of the judgment in the first place.

In support of their request, Defendants argue that there was proof on the record that tests showed the hemp at issue in this case to contain tetrahydrocannabinol ("THC") in excess of the federal legal limit of 0.3%. (Doc. No. 172-1 at 2). As Defendants point out, the Court observed in its memorandum opinion that a buyer can reject a shipment that was received on the basis that the shipment did not contain the kind of product called for in the contract. (*Id.* at 2–3 (citing Doc. No. 169 at 16)). Defendants argue that this alleged excess of THC renders the hemp a different product than the parties agreed to in the contract, which in turn permits them to reject the shipment. (*Id.*).

As Plaintiff points out, Defendants provide no legal grounds for their requested stay. Federal Rule of Civil Procedure 62 governs stays of proceedings to enforce a judgment. Fed. R. Civ. P. 62. For example, a party may obtain a stay "at any time after judgment is entered" by "providing a bond or other security." Fed. R. Civ. P. 62(b). However, no final judgment has been entered in this case, and therefore Rule 62 and the relief it contemplates does not apply here. The Court's memorandum opinion and order at Doc. Nos. 169 and 170 granted summary judgment in

---

[2] In their proposed judgment, Defendants explained that they could not provide calculations as to prejudgment interest because the Court is required to set the rate up to 10% per annum simple interest in the exercise of its discretion. (Doc. No. 171 at 2). Defendants did not propose a particular rate that in their view would reflect an appropriate exercise of that discretion.

The Court emphasizes that in submitting a proposed judgment as ordered, Defendants waived no rights to challenge in the future the propriety of the entry of *any* judgment against them.

favor of Plaintiff on liability, but the Court has not yet determined the issue of damages, and no final judgment has been entered. Because no final judgment has been entered, and Defendants otherwise provide no relevant justification for a stay, Defendants' request for a stay at Doc. No. 172 is denied.

   **2. Motion to Alter, Vacate, or Amend**

On July 10, 2022, the Court entered an order explaining that it would interpret Defendants' motion to alter, vacate, or amend the memorandum opinion of the Court as a motion seeking relief under Federal Rule of Civil Procedure 59(e).[3] (Doc. No. 176). However, the Court now finds that Defendants' motion (Doc. No. 178) to alter, vacate, or amend is more appropriately analyzed under Rule 54(b), which states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). In *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, the Sixth Circuit explained that "[t]he Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders." *See* 89 F. App'x 949, 958 (6th Cir. 2004). The court, however, explained that common law and Rule 54(b) provide a basis for courts to address such motions. *See id.* Therefore, "[d]istrict courts have authority both under common law and Rule

---

[3] The Court's order at Doc. No. 176 was in reference to Defendants' memorandum filed at Doc. No. 173. In the order, the Court explained that it construed Doc. No. 173 as a motion, despite the memorandum not being accompanied by a motion. (Doc. No. 176). Defendants have since corrected their filing by filing a motion accompanied by a supporting memorandum. (Doc. Nos. 178, 178-1). The Court treats Defendants' motion to alter, vacate, or amend (Doc. No. 178) and the accompanying memorandum (Doc. No. 178-1) as the operative documents for the purposes of Defendants' request to alter, vacate, or amend.

54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *See id.* "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *See id.*

On September 20, 2022, the Court issued a memorandum opinion (Doc. No. 169) and order (Doc. No. 170) granting summary judgment as to liability in favor of Plaintiff on Plaintiff's breach of contract claim and veil piercing claim. As noted, because the parties had not briefed the topic of the amount of damages owed of prejudgment and post-judgment interest, the Court ordered the parties to meet and confer and submit a proposed judgment setting forth the amount of damages owed and prejudgment and post-judgment interest due. (Doc. No. 170). Therefore, no final judgment has been entered in this case, and *Rodriguez* instructs that under common law and Rule 54(b), the Court has authority to reconsider the order at Doc. No. 170 and reopen any part of the case prior to final judgment. The Court thus treats the order at Doc. No. 170, and the accompanying memorandum at Doc. No. 169, granting summary judgment in favor of Plaintiff, as an interlocutory order subject to reconsideration under Rule 54(b) and common law as described in *Rodriguez*.

Defendants ask the Court to reconsider the Court's memorandum opinion and order on the grounds that "some of the hemp tested" exceeded the federal legal limit of 0.3% content of THC. (Doc. No. 178-1 at 3). Defendants ostensibly reiterate the same argument as contained in their motion to stay at Doc. No. 172. That is, Defendants argue that there is a genuine dispute of material fact as to whether "some of the hemp tested" that exceeded the federal legal limit of THC renders the hemp received in the shipment different from the product that the parties agreed to in the contract. (*Id.* at 3).

However, Defendants do not indicate in their motion to alter, vacate, or amend where they previously raised this argument, and after reviewing the parties' briefings with respect to Defendants' motions for summary judgment (Doc. Nos. 134, 135), the Court cannot locate where this argument was previously raised. Defendants' failure to raise this argument in their summary judgment briefings is fatal to their attempts to have it heard at this junction because "[it] is [] well-settled law in this circuit that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *See Zucker v. City of Farmington Hills*, 643 F. App'x 555, 573 (6th Cir. 2016). And although no final judgment has been issued in this case, the Court is confident that this principle applies to a court's grant as to summary judgment on liability, even when the judgment has not yet been entered. Therefore, Defendants' motion to alter, vacate, or amend is denied.

## CONCLUSION

For the reasons stated herein, Defendants' motions at Doc. Nos. 172 and 178 are DENIED.

IT IS SO ORDERED.

                                     *Eli Richardson*
                                     ELI RICHARDSON
                                     UNITED STATES DISTRICT JUDGE